**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO. MJG-14-0273** |
| v. | * | |
| | * | |
| **CLIVE A. ROBINSON,** | * | |
|   a/k/a "M.L.H.", | * | |
|   a/k/a "D.W.T.", | * | |
|   a/k/a "Clive Stephenson", | * | |
| | * | |
| **Defendant** | * | |

\*\*\*\*\*\*\*

## GOVERNMENT'S RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM

The United States, by and through its attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland Zachary A. Myers, Assistant United States Attorney, hereby responds to the defendant's sentencing memorandum and respectfully requests that in light of the factors set forth in 18 U.S.C. § 3553(a), the Court impose a sentence of 21 months' imprisonment against the defendant, Clive A Robinson. In support of its recommended sentence, the government states as follows:

### I. INTRODUCTION

On October 10, 2014, Clive A. Robinson pled guilty to Count Two of the Indictment in this case, charging him with Unlawful Use of a Means of Identification, in violation of 18 U.S.C. § 1028(a)(7). Sentencing is currently scheduled for Friday, January 23, 2015, at 10:00 am.

#### A. Agreed Upon Facts of the Offense of Conviction

As agreed to by the Defendant, Exhibit A to the plea agreement is a true and correct summary of the facts of the offense. As set forth in the stipulated facts, the Defendant obtained a Florida driver's license issued by the Florida Department of Highway Safety and Motor Vehicles

on November 30, 2011, in the name and birth date, of D.W.T., a United States Citizen. The photograph depicted on the Florida driver's license is that of the Defendant. Florida officials were presented with a social security card and birth certificate bearing D.W.T.'s name and identifying information in connection with obtaining the license.

On May 24, 2012, at approximately 3:30 in the morning, the Defendant was arrested at Cuzcos Nite Club in Hyattsville, Maryland. At approximately 2:50 that morning, a security guard for the club heard a gunshot and ran to the area of the sound. When he arrived, the witness saw the Defendant holding a black Glock 19 handgun, serial number DS119. At the time of the incident, the Defendant was in possession of the Florida driver's license in the name of D.W.T. At the time the Defendant possessed the firearm and the Florida driver's license in the name of D.W.T., the Defendant was prohibited from possessing a firearm because he was a convicted felon and he was an alien unlawfully present in the United States. D.W.T. was not a felon and is a United States Citizen. The handgun was not manufactured in Maryland.

On July 26, 2012, the Defendant was indicted in the Circuit Court for Prince George's County under the name of D.W.T. for unlawfully wearing, carrying or transporting a handgun in violation of Md. Code, Crim. Law, §4-203. On August 17, 2012, the Defendant failed to appear for his arraignment and a bench warrant was issued for his arrest. At the time the Defendant failed to appear for his arraignment he was in custody in Westmoreland County, Virginia.

On April 17, 2013, the real D.W.T. was attempting to get into his locked car in Bensalem, Pennsylvania, when he was encountered by an officer of the Bensalem Township Police. The officer assisted D.W.T. and then asked him for his license and registration. The officer ran D.W.T.'s identifying information and learned that there was a warrant for D.W.T.'s arrest outstanding from Prince George's County. D.W.T. was arrested and taken to the local police

department for fingerprinting. D.W.T. was later released when it was determined that his fingerprints did not match the individual with the outstanding warrant in his name.

### B. Background and Identity of the Defendant

In October, 1979, Clive A. Robinson ("Robinson") was born to Dorothy Stephenson at Victoria Jubilee Hospital in Kingston, Jamaica. *See* Defendant's Birth Certificate, attached as Exhibit 1. On October 31, 2000, Robinson submitted an application for a visa to travel from his home country of Jamaica to the United States. *See* Defendant's 2000 Visa Application, attached as Exhibit 2. A photograph of Robinson was attached to his visa application. *Id.* Robinson's visa application was denied and he was not granted permission to lawfully enter the United States. *Id.*

At some time prior to October 30, 2002, Robinson entered the United Kingdom. On October 30, 2002, Robinson entered the United States through the Visa Waiver Program using a United Kingdom Passport in the name of Michael Leroy Hamilton.

In the years after he entered the United States, Robinson was arrested on approximately ten different occasions in Maryland, Virginia and the District of Columbia. Robinson has been convicted of a crime on five occasions, including violent domestic assault resulting in serious injury, assault with a knife, and illegal possession of a firearm.

On April 9, 2009, Robinson was arrested in Washington, D.C. by Immigration and Customs Enforcement. At the time, ICE believed that Robinson was in fact Michael Leroy Hamilton, a British National, and he was processed for removal for overstaying his permitted time in the United States under the Visa Waiver Program. On October 1, 2009, the Consulate for the United Kingdom Consulate informed ICE that that the passport number associated with the "Michael Leroy Hamilton" passport used by Robinson to enter the country that was fraudulently used by several other people. British authorities interviewed Robinson and

Case 1:14-cr-00273-MJG   Document 19   Filed 01/18/15   Page 3 of 7

determined that he had a limited knowledge of the U.K. and a Caribbean accent. On November 23, 2009, British authorities informed ICE that Robinson was unable to provide any additional proof supporting his claim of British citizenship and he would not be issued a travel document to travel to the United Kingdom as a British citizen.

On August 28, 2009, the British "Michael Leroy Hamilton" passport was submitted to ICE's Forensic Document Lab for analysis. It was determined that the passport appeared to be unaltered however the examiners indicated that the passport had been submerged in liquid and therefore they could make no definitive determinations about its validity. On December 31, 2009, Robinson was released from ICE custody on a Post Order Custody Release due to ICE's inability to obtain a travel document for his removal. He was informed to report to ICE on Order of Supervision. On February 18, 2010, Robinson failed to report to the Fairfax, Virginia Office as directed and absconded from the OSUP Program. He subsequently unlawfully obtained a Florida driver's license in the name and identifying information of D.W.T.

Robinson was interviewed by United States immigration authorities and investigators on several occasions in 2013 and 2014. Robinson has never been able to provide any significant details about his residence in or knowledge of the United Kingdom. He was unable provide any addressed for prior a British residence, claims not to know his mother or father's names. For example, even in open court and to the presentence investigation report writer in this case, Robinson has repeatedly talked about what "grade" in school he completed (although he claimed to have been home-schooled during one interview), when no such terminology exists in the United Kingdom (where students progress through "years" and "key stages." *See* "The National Curriculum," available at https://www.gov.uk/national-curriculum/overview (last accessed January 18, 2015)). It should be noted that the Jamaican educational system, while modeled after

the British, uses the term "grades" to describe students' progress. *See* "About Us-The Primary Education System" Jamaican Ministry of Education, available at http://www.moe.gov.jm/node/16 (last accessed January 18, 2015).

In Robinson's September 4, 2013, interview, Robinson told immigration officials that Dorothy Mighty (Dorothy Stephenson's married name) was his god-mother and assisted in raising him.

### C. Applicable Sentencing Guidelines Factors

Robinson's offense of conviction is governed by U.S.S.G. § 2L2.2. As correctly calculated in the Presentence Investigation Report (Dkt. #17) the base offense level is 8. Robinson's offense level should be increased a further two levels, pursuant to USSG §2L2.2(b)(3)(B), because he fraudulently obtained and used the British passport in the name of Michael Leroy Hamilton. Following a two-level reduction for accepting responsibility for his unlawful use of D.W.T.'s identity,[1] Robinson's final offense level should be 8.

The government concurs the probation officer's determination that Robinson should be in criminal history category V. The offense of conviction, and its relevant conduct, began no later than, November 30, 2011, when Robinson obtained the D.W.T. Florida driver's license. The relevant conduct of the conviction continued at least through January 7, 2014, when the defendant was convicted in the Circuit Court for Prince George's County under the name of D.W.T.[2] Thus, the relevant conduct of the offense continued while he was under the

---

[1] The government is not objecting to a two-level reduction for acceptance of responsibility, because the Defendant has fully accepted responsibility for his unlawful use of D.W.T.'s identity. The government is also declining to seek a two-level enhancement under U.S.S.G. 3C1.1, based upon the defendant's numerous and repeated false claims with regard to his identity and citizenship. Nevertheless, the defendant's conduct with regards to these false statements should be considered under 18 U.S.C. § 3553(a) in the Court's evaluation of the nature and circumstances of the offense, and the history and characteristics of the offender.

[2] The government is aware that the Defendant disclosed to the Circuit Court through counsel at some point that he was not, in fact D.W.T., but given the defendant plea to charges initiated under the name of D.W.T., and the

Westmoreland County sentence, and the defendant is properly given a 2 point increase in his criminal history pursuant to U.S.S.G. § 4A1.1(d). Thus, at offense level 8 and criminal history category V, Robinson's advisory guidelines sentencing range is 15-21 months' incarceration.

## II. ARGUMENT

### A. The Defendant's Base Offense Level Should Be Increased For His Fraudulent Use of a British Passport to Enter the United States

The Court should impose a two-level increase in Robinson's offense level pursuant to USSG §2L2.2(b)(3)(B), because the record establishes by a preponderance of the evidence that the defendant is not Michael Leroy Hamilton, a British citizen, but is in fact Clive A. Robinson, a Jamaican citizen who fraudulently entered the United States using a false passport after his application for a visa to enter the United States from Jamaica was denied.

### B. Robinson's Offense of Conviction Has Seriously Impacted the Victim, D.W.T.

D.W.T., who plans to address the Court pursuant to 18 U.S.C. § 3771(a)(4), was arrested and briefly detained because of Robinson's unlawful use of his identity when he was arrested and charged in Maryland. D.W.T. is still working to attempt to have Robinson's criminal record in Maryland, altered so that it no longer appears that D.W.T. was convicted of the felony offense. D.W.T. has had difficulty obtaining a driver's license because of Robinson's offense against him, and the repercussions may last for years to come, causing D.W.T. a variety of unpredictable expenses and lost time as he attempts to continue his life as a law-abiding citizen whose identity was stolen.

---

continuing effect of that conviction on D.W.T. , including D.W.T.'s April 2013 arrest, the relevant conduct should be seen to continue at least through the resolution of those charges.

### C. **The Section 3553(a) Factors Support Imposition of a Sentence at the High End of the Applicable Guidelines**

Robinson has committed a serious identity theft offense, which has harmed D.W.T. an innocent citizen who will be dealing with the effects of Robinson's theft of his identity for years to come. In the years since he illegally entered the United States, Robinson has accumulated a lengthy criminal history, including multiple serious violent offenses, illegal possession of a gun, and assault with a knife. Despite the documentary evidence and witness statements that he is in fact Clive A. Robinson, Robinson continues to falsely claim to be a British citizen. In years of immigration and related criminal proceedings, Robinson had failed to ever produce any evidence supporting this claim. Under these circumstances, a sentence of 21 months' incarceration, the high end of the applicable sentencing guidelines, is sufficient, but no more than necessary to provide just punishment for the offense, protect the public from the Defendant, and provide some measure of deterrence to the defendant and others who may consider engaging in similar offenses.

### III. **CONCLUSION**

WHEREFORE, for the reasons stated herein, the government respectfully requests that the Court impose a sentence of 21 months' imprisonment.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:_____/s/_____
Zachary A. Myers
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800